# Transfer-In Cover Page

| | | |
|---|---|---|
| **BRIAN DEUTSCH** | ) | |
| | ) | Transfer Court Case No.: 4:07-1689 |
| **v.** | ) | |
| | ) | |
| **LEARNING CURVE BRANDS, INC.** | ) | Our Case No.: **03C310** |
| | ) | Judge: **Leinenweber** |
| | ) | |

TRANSFER - IN  CASE   DOCUMENTS

FROM   THE   EASTERN   DISTRICT   OF   MISSOURI

at St. Louis

Filed March 20, 2008

**08 C 310**

FILED

MARCH 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CLOSED, STAYED

JUDGE LEINENWEBER

**U.S. District Court**
**Eastern District of Missouri (LIVE) (St. Louis)**
**CIVIL DOCKET FOR CASE #: 4:07-cv-01689-CEJ**

| | |
|---|---|
| Deutsch v. Learning Curve Brands, Inc. | Date Filed: 09/28/2007 |
| Assigned to: Honorable Carol E. Jackson | Date Terminated: 02/29/2008 |
| Demand: $500,000 | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Tort/Non-Motor Vehicle | Nature of Suit: 245 Tort Product Liability |
| | Jurisdiction: Diversity |

**Plaintiff**

**Brian Deutsch**          represented by   **John S. Steward**
BURSTEIN LAW FIRM, P.C.
225 S. Meramec
Suite 925
Clayton, MO 63105
314-725-6060
Fax: 314-862-9895
Email: glaw123@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Learning Curve Brands, Inc.**          represented by   **Steven H. Schwartz**
BROWN AND JAMES, P.C.
1010 Market Street
20th Floor
St. Louis, MO 63101
314-421-3400
Fax: 314-421-3128
Email: sschwartz@bjpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Learning Curve Brands, Inc.**          represented by   **Steven H. Schwartz**
*doing business as*                       (See above for address)
RC2 Corporation                           *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2007 | 1 | COMPLAINT against defendant all defendants with receipt number 1223412, in the amount of $350, Jury Demand,, filed by Brian Deutsch. (Attachments: # 1 Civil Cover Sheet # 2 Original Filing Form # 3 Waiver of Service # 4 Waiver of Service)(Steward, John) (Entered: 09/28/2007) |
| 10/01/2007 | | Case Opening Notification. Waivers issued 2. Disclosure of Corporate Interest issued to deft. Judge Assigned: Honorable Carol E. Jackson. (KLK) (Entered: 10/01/2007) |
| 12/10/2007 | 2 | ENTRY of Appearance by Steven H. Schwartz for Defendants Learning Curve Brands, Inc., Learning Curve Brands, Inc.. (Schwartz, Steven) (Entered: 12/10/2007) |
| 12/17/2007 | 3 | MOTION to Stay *of Proceedings and for Extension of Time to Answer and Memorandum in Support* by Defendants Learning Curve Brands, Inc., Learning Curve Brands, Inc.. (Schwartz, Steven) (Entered: 12/17/2007) |
| 01/07/2008 | 4 | ORDER IT IS HEREBY ORDERED that the defendants' motion to stay pending MDL transfer [# 3] is granted. IT IS FURTHER ORDERED that the defendants shall file an answer or other responsive pleading not later than thirty days after the Judicial Panel on Multidistrict Litigation rules on the pending Motion for Transfer. 3 Signed by Honorable Carol E. Jackson on 1/7/08. (KXS) (Entered: 01/07/2008) |
| 01/15/2008 | 5 | CONDITIONAL TRANSFER ORDER regarding multidistrict litigation by Clerk of the Panel. Signed by Clerk of MDL Panel on 1/15/08. (KXS) (Entered: 01/15/2008) |
| 02/28/2008 | 6 | CONDITIONAL TRANSFER ORDER LETTER regarding multidistrict litigation by Clerk of the Panel. Signed by Michael Dobbins Clerk on 2/28/08. (CQL) (Entered: 02/28/2008) |
| 02/28/2008 | 7 | FINAL TRANSFER ORDER regarding multidistrict litigation by Clerk of the Panel to the N/D of Illinois. Signed by Jeffrey Luthi, Clerk of the Panel on 2/28/08. (CQL) Modified on 2/29/2008 (CQL). (Entered: 02/28/2008) |
| 02/29/2008 | 8 | Letter to Clerk N/D of Illinois from Clerk E/D of Missouri Re:Transfer of MDL file with logins (CQL) (Entered: 02/29/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/25/2008 09:06:21 | | |
| **PACER Login:** | us3962 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:07-cv-01689-CEJ |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN DEUTSCH,                      )
                                    )           **08 C 310**
            Plaintiff,              )
                                    )
      vs.                           )    No. 4:07-CV-01689 (CEJ)
                                    )
LEARNING CURVE BRANDS, INC.,        )
and LEARNING CURVE BRANDS,          )
INC. d/b/a RC2 CORP.,               )
                                    )
            Defendants.             )           **JUDGE LEINENWEBER**

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the defendants' motion to stay
pending MDL transfer [# 3] is **granted**.

**IT IS FURTHER ORDERED** that the defendants shall file an answer
or other responsive pleading not later than thirty days after the
Judicial Panel on Multidistrict Litigation rules on the pending
Motion for Transfer.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2008.



# United States District Court
### EASTERN DISTRICT OF MISSOURI
## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

---

## * * Plaintiff to Complete Gray Area * *

TO:   LEARNING CURVE BRANDS, INC. c/o CT Corp. Systems, 120 South Central Ave Clayton MO 63105
(Name of defendant)
(as registered agent    of LEARNING CURVE BRANDS, INC.
    (Title)               (Name of business)

**08 C 310**

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District

of Missouri and has been assigned docket number _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within __30__ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

**If you comply with this request and return the signed waiver to the undersigned, it will be filed with the court and no summons will be served on you.** The action will then proceed as if you had been served on the date the waiver is filed, except you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, 20____.

_____
Signature of Plaintiff's Attorney or
Unrepresented Plaintiff

---

**DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an unproper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer, than if the summons had actually served, when the request for waiver of service was received.



# United States District Court
## EASTERN DISTRICT OF MISSOURI

## WAIVER OF SERVICE OF SUMMONS

---

**NOTICE TO DEFENDANT(S)**

** Plaintiff To Complete Gray Area **

To:    John Steward, 225 S. Meramec, Ste. 925, St. Louis, MO  63105
        (Name of plaintiff's attorney or unrepresented plaintiff)

---

I acknowledge receipt of your request that I waive service of a summons in the action of:

   Case Caption:   Deutsch vs. Learning Curve Brands, Inc. et al

   Case Number:   _____

in the United States District Court for the Eastern District of Missouri. I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____.
                                                                              (Date Waiver sent)
or within 90 days after date if  the request was sent outside the United States.

---

## DEFENDANT'S ACKNOWLEDGMENT OF WAIVER OF SERVICE

_____            _____
          Date                                            Print name

                                                  _____
                                                           Signature

as _____            of _____
       (Officer or Agent)                    (Corporation or Association)

                                                  _____
                                                           Address

                                                  _____
                                                        City, State, Zip Code



# United States District Court
### EASTERN DISTRICT OF MISSOURI
## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

---

## * * Plaintiff to Complete Gray Area * *

---

TO:    RC2 Corporation c/o CT Corp. Systems, 120 South Central Ave Clayton MO 63105

(Name of defendant)

(as   registered agent   of   RC2 Corporation

     (Title)                 (Name of business)

**08 C 310**

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District

of Missouri and has been assigned docket number _____

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within __30__ days after the date designated below as the date this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

**If you comply with this request and return the signed waiver to the undersigned, it will be filed with the court and no summons will be served on you.** The action will then proceed as if you had been served on the date the waiver is filed, except you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, 20____.

_____

Signature of Plaintiff's Attorney or
Unrepresented Plaintiff

---

**DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer, than if the summons had actually been served, when the request for waiver of service was received



# United States District Court
## EASTERN DISTRICT OF MISSOURI

## WAIVER OF SERVICE OF SUMMONS

---

**NOTICE TO DEFENDANT(S)**

\* \* Plaintiff To Complete Gray Area \* \*

To:    John Steward, 225 S. Meramec, Ste. 925, St. Louis, MO 63105
     (Name of plaintiff's attorney or unrepresented plaintiff)

---

I acknowledge receipt of your request that I waive service of a summons in the action of:

     Case Caption:   Deutsch vs. Learning Curve Brands, Inc. et al

     Case Number: _____

in the United States District Court for the Eastern District of Missouri. I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____.
                                                       (Date Waiver sent)
or within 90 days after date if the request was sent outside the United States.

---

**DEFENDANT'S ACKNOWLEDGMENT OF WAIVER OF SERVICE**

_____
           Date

                            _____
                                   Print name

                            _____
                                   Signature

as _____   of _____
       (Officer or Agent)            (Corporation or Association)

                            _____
                                   Address

                            _____
                                   City, State, Zip Code

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**08 C 310**

| | |
|---|---|
| BRIAN DEUTSCH, individually and on<br>Behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEARNING CURVE BRANDS, INC.,<br>LEARNING CURVE BRANDS, INC. d/b/a<br>RC2 CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 4:07-cv-01689 CEJ

**JUDGE LEINENWEBER**

---

### ENTRY OF APPEARANCE

COME NOW Steven H. Schwartz and Brown & James, P.C. and hereby enter

their appearance on behalf of Learning Curve Brands, Inc., and Learning Curve Brands,

Inc. d/b/a RC2 Corporation in the above matter.

          BROWN & JAMES, P.C.


          /s/ Steven H. Schwartz
          Steven H. Schwartz, #4316
          1010 Market Street, 20th floor
          St. Louis, Missouri 63101
          (314) 421-3400
          FAX: (314) 421-3128

          *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 10, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John S. Steward
Burstein Law Firm, P.C.
225 S. Meramec – Suite 925
St. Louis, Missouri  63105
***Attorneys for Plaintiff***


/s/ Steven H. Schwartz

mlc
8204287

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Brian Deutsch

## DEFENDANTS

LEARNING CURVE BRANDS, INC., LEARNING CURVE BRANDS, INC. d/b/a RC2 CORPORATION

(b) County of Residence of First Listed Plaintiff   St. Louis
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)

John Steward, Burstein Law Firm, 225 S. Meramec, Ste. 925, St. Louis, MO 63105  314-725-6060

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332 (d)

Brief description of cause:
Action for damages and med monitoring based on distribution of lead tainted toys.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over $5 mil jurisdictional

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE  9-28-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**08 C 310**

**JUDGE LEINENWEBER**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**08 C 310**

BRIAN DEUTSCH, individually and on behalf )
of all others similarly situated,                        )
                                                )
         Plaintiff,                        )
                                                )
      v.                        )        No.: 4:07-cv-1689
                                                )
LEARNING CURVE BRANDS, INC.,                        )       **JUDGE LEINENWEBER**
LEARNING CURVE BRANDS, INC. d/b/a                )
RC2 CORPORATION                        )
                                                  )
        Defendant.                        )

**DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS**
**AND FOR EXTENSION OF TIME TO ANSWER**
**AND MEMORANDUM IN SUPPORT**

      Defendants Learning Curve Brands, Inc. and RC2 Corporation (hereinafter "Defendants") move the Court to stay proceedings pending the ruling of the Judicial Panel on Multidistrict Litigation ("JPML") on the pending Motions to Transfer filed in MDL No. 1893 – <u>In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation;</u> and also move the Court to extend the time in which Defendants have to answer Plaintiff's Complaint or otherwise plead.  In support of this Motion, Defendants state:

      1.    Plaintiff's Counsel, John Steward, has no objection to a Stay in these proceedings until a decision on the pending Motions to Transfer, described below.

2.     Currently there are at least eighteen (18) federal actions filed in nine (9) different U.S. District Courts across the country asserted against Defendants relating to the subject of this cause of action.  Defendants have been served in seventeen (17) of these class actions.  In those actions, putative class members and individuals assert claims in connection with their purchase of Thomas & Friends™ Wooden Railway Toys, which were the subject of a recall.  The numerous lawsuits contain common questions of fact.

3.     At this time, there are two motions to transfer this action and the other related actions to a single judicial district pursuant to 28 U.S.C. § 1407 pending before the Judicial Panel on Multidistrict Litigation ("JPML").  Defendants filed a Motion for Transfer of Actions to the Northern District of Illinois for Coordinated Pre-trial Proceedings Pursuant to U.S.C. § 1407 with the JPML on August 27, 2007, requesting transfer of all related cases for consolidation in the Northern District of Illinois.  A second Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407 was filed by Plaintiff in the case of <u>Martinez v. RC2 Corporation</u>, pending in the district court in the Central District of California.  The JPML has placed both of these motions to transfer in the same case, MDL No. 1893, <u>In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation</u>.  A Notice of Related Tag Along for this case has been filed with the JPML.

4.     The hearing on these motions to transfer occurred on November 29, 2007. The parties expect a decision as to the Motion for Transfer soon.

5.      Given the pendency of the transfer motions before the JPML, a stay of the proceedings in this action is appropriate.

6.      Thus far, similar proceedings have been stayed in six different federal courts:   U.S. District Court for the Southern District of Indiana; the U.S. District Court for the Southern District of Florida; U.S. District Court for the Eastern District of Arkansas; the U.S. District Court for the Eastern District of New York; and the U.S. District Court for the Northern District of Alabama. The U.S. District Court of New Jersey denied the motion for stay.

7.      Although this Court is not required to stay proceedings pending actions by the JPML, it has the discretion do so.  See Rule 1.5, Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  In fact, it is common practice for courts to stay an action pending a transfer decision by the JPML.  See Jocelyn Bonenfant v. R.J. Reynolds Tobacco Co., et al. 2007 WL 2409980 (S.D. Fla. 2007) (where the court granted defendants' motion to stay plaintiff's cause of action involving possible new claims against cigarette manufacturers and sellers, pending the JPML's decision).  See also Republic of Venez. v. Phillip Morris Cos., Inc., 199 WL 33911677 at *1 (S.D. Fla. 1999) (explaining that a "district court has the discretion to stay its proceedings" pending the JPML's decision).

8.      A stay of the proceedings pending the JPML's ruling will not prejudice the parties and will preserve resources of the Court and parties by preventing any

discovery or pleadings from occurring that may be duplicative or inconsistent with coordinated pretrial proceedings should the JPML grant Defendants' Motion for Transfer.

9.      Defendants will notify the Court of the JPML's ruling on the pending Motions for Transfer in MDL No. 1893 as soon as its decision is known.

WHEREFORE, Defendants respectfully request that the Court stay the proceedings in this action and extend Defendants' time to answer or otherwise move with respect to the complaint to 30 days following the entry of an order by the JPML on the pending Motions to Transfer filed in MDL No. 1893, <u>In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation</u>; and grant all other just and appropriate relief.

Respectfully submitted,

/s/ Steven H. Schwartz
Steven H. Schwartz,    #4316
Brown & James, P.C.
1010 Market Street, 20th Floor
St. Louis , MO 63101-2000
Phone: (314) 242-5280
Fax: (314) 242-5480

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John S. Steward
Burstein Law Firm, P.C.
225 S. Meramec – Suite 925
St. Louis, Missouri  63105
***Attorneys for Plaintiff***

/s/ Steven H. Schwartz

mlc
8207164
cc:    Ice Miller, LLP
        Attention:    Mr. Bart T. Murphy
                        Ms. Judy Okenfuss

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**08 C 310**

BRIAN DEUTSCH, individually and on behalf
of all others similarly situated,

      Plaintiff,

**JUDGE LEINENWEBER**

vs.

) No. _____

LEARNING CURVE BRANDS, INC.,
LEARNING CURVE BRANDS, INC. d/b/a
RC2 CORPORATION

) **JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Brian Deutsch, individually and on behalf of all others similarly

situated, (hereafter "Plaintiffs" or "the Class"), and for his complaint against Defendants, hereby sets forth

in this Complaint claims for equitable, injunctive, and declaratory relief, and compensatory and punitive

damages. These claims raise numerous questions of fact and law that are common to all members of the

Class. This class action is brought by and on behalf of all persons (referred to herein collectively as "Class

Members") in the State of Missouri who purchased or paid for various Thomas & Friends™ Wooden

Railway Toys (referred to herein collectively as "Thomas & Friends" or "Toys"), researched,

manufactured, marketed, promoted, advertised, sold, distributed, and/or placed into the stream of

commerce by Learning Curve Brands, Inc. and/or Learning Curve Brands, Inc. doing business as RC2

Corporation ("RC2" of "Defendants") and which were subsequently recalled by Defendants on June 13,

2007 and September 26, 2007.

## INTRODUCTION

1.    Defendants manufactured, researched, marketed, promoted, advertised, sold, or

1

distributed, and/or placed into the stream of commerce various Thomas & Friends. Thomas & Friends were marketed and advertised throughout the nation and in the state of Missouri being safe for children. Moreover, Thomas & Friends were sold in toy stores, department stores and specialty shops throughout the nation and the State of Missouri.

2. Plaintiff and members of the class purchased Thomas & Friends in the Eastern District of Missouri and throughout Missouri.

3. Plaintiff and members of the class gave these Toys to their small children to play with.

4. On or about June 13, 2007 Defendants issued a recall of various Thomas & Friends. The original recall was limited to various Thomas & Friends sold at toy stores and various retailers nationwide from January 2005 through June 2007.

5. The reason stated for the recall was that the surface paint contained lead.

6. On September 26, 2007, Defendants issued an expanded recall of additional Thomas & Friends that were sold in toy stores and various retailers nationwide from March 2003 through September 2007 for between $10 and $40.

7. The stated reason for this additional recall was, again, that the surface paint contained lead.

8. Lead is toxic if ingested by young children and can cause adverse health effects.

9. According to the National Safety Council, it only takes the lead dust equivalent of a single grain of salt for a child to register an elevated blood lead level.

10. Also according to the National Safety Council, young children under the age of six are especially vulnerable to lead's harmful health effects, because their brains and central nervous system are still being formed. For them, even very low levels of exposure can

2

result in reduced IQ, learning disabilities, attention deficit disorders, behavioral problems,

stunted growth, impaired hearing, and kidney damages. At high levels of exposure, a child

may become mentally retarded, fall into a coma, and even die from lead poisoning.

11. Defendants recalled the following Toys on June 13, 2007:

- Red James Engine & Red James' #5 Coal Tender,

- Red Lights & Sounds James Engine & Red James' #5 Lights & Sounds Coal Tender,

- James with Team Colors Engine & James with Team Colors #5 Coal Tender,

- Red Skarloey Engine,

- Brown & Yellow Old Slow Coach,

- Red Hook & Ladder Truck & Red Water Tanker Truck,

- Red Musical Caboose,

- Red Sodor Line Caboose,

- Red Coal Car labeled "2006 Day Out With Thomas" on the Side,

- Red Baggage Car,

- Red Holiday Caboose,

- Red "Sodor Mail" Car,

- Red Fire Brigade Truck,

- Red Fire Brigade Train,

- Deluxe Sodor Fire Station,

- Red Coal Car,

- Yellow Box Car,

- Red Stop Sign,

- Yellow Railroad Crossing Sign,

- Yellow "Sodor Cargo Company" Cargo Piece,

- Smelting Yard, and

- the Ice Cream Factory.

12.    The September recall included the following Thomas & Friends toys:

- All Black Cargo Car included in the Brendam Fishing Dock Set only

- "Toad" vehicle with brake lever

- Olive Green Sodor Cargo Box included in the Deluxe Cranky the Crane

- All Green Maple Tree Top included in the Conductor's Figure 8 Set

- Green Signal Base included in the Conductor's Figure 8 Set

13.    Defendants requested that retailers remove all of the recalled Toys from their shelves and requested that consumers take the recalled toys from young children immediately.

14.    Defendants knew, or should have known, that the Toys were defective and presented a serious risk to the health and safety of children.

15.    If the Plaintiffs and members of the class had known the true nature of the Toys they would not have purchased them nor allowed their children to play with the dangerous Toys.

16.    Published reports indicate that approximately 1.5 Million Thomas & Friends Toys have been recalled at this time.

17.    The Toys were manufactured in China, where they were purposefully painted with products containing lead.

18.    The Defendants failed to adequately screen and test the products imported from China,

ignoring the threat that these Toys presented to children.

## JURISDICTION AND VENUE

19.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action is between citizens of different states, a class action has been pled, and the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.

20.    Venue is proper in this District under 28 U.S.C. § § 1391(a), (b), and (c), 28 U.S.C. § 1407 and 15 U.S.C. 22. Defendants do substantial business in the State of Missouri and within this Federal Judicial District, advertise in this District, receive substantial compensation and profits from the sales of Thomas & Friends in this District, and have made material omissions and misrepresentations, committed unfair and or deceptive practices, and breaches of warranties in this District so as to subject it to *in personam* jurisdiction in this District.

## PARTIES

21.    Plaintiff resides in the Eastern District of Missouri.. Plaintiff purchased several of the recalled Thomas and Friends toys for his child in the Eastern District of Missouri.

22.    Defendant RC2 Corporation is a Delaware corporation with its principal corporate office in Oak Brook, Illinois. RC2 was formed in April 1996 as a holding company, and its main domestic operating subsidiary is Learning Curve, which prior to January 2007 was doing business as and was known as RC2 Brands, Inc. RC2 Corporation also maintains a coporate office known as the RC2 Industrial Zone quarters in Dongguan City, China. RC2 Corporation designs, produces and markets toys and other pre-school and infant products, and a significant portion of its products (like Thomas & Friends) are marketed with licenses from third parties. RC2 Corporation produces most of its toys and products in

5

China.

## CLASS ACTION ALLEGATIONS

23.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification

of a Missouri Class defined as follows:

All persons in the State of Missouri who purchased and/or paid for various Thomas &

Friends™ Wooden Railway Toys included in the June 13, 2007 and September 26, 2007

recalls.

Excluded from the proposed Class are any Defendant, any entity in which any Defendant

has a controlling interest or which has a controlling interest in, and Defendants' legal

representatives, predecessors, successors, and assigns; the judicial officers to whom this

case is assigned; any member of the immediate families of excluded persons; and

Plaintiff's counsel.

24.     Whether or not this Court determines that a Missouri  Class satisfies the applicable

requites for class certification, Plaintiff seeks certification of a Missouri medical

monitoring class, defined as:

All children of persons in the State of Missouri who purchased and/or paid for various

Thomas & Friends™ Wooden Railway Toys included in the June 13, 2007 and September

26, 2007 recalls.

25.     Upon information and belief, the Class consists of many thousands of  Missourians,

making individual joinder of all Class Members impractical.

26.     All Class Members share a united interest in the fair, just and consistent determination of

the questions of law and fact necessary to the adjudication of Defendants' liability, which

predominate over questions affecting only individual members. These key common

liability questions include:

a.   whether and when Defendants knew or should have known of its Toys dangerous

defects;

b.   whether Defendants knowingly, recklessly, or negligently concealed, suppressed

or failed to disclose the health risks of their Toys from regulators, and the public;

c.   whether Defendants' conduct violated the Missouri Merchandising Practices Act;

d.   whether Defendants breached implied warranties covering its Toys;

e.   whether Defendants acted negligently in the sale and promotion of their Toys;

f.   whether Defendants were unjustly enriched at the expense of Plaintiff and the

Class; and,

27.   The Class is also united on fundamental questions regarding its members entitlement to

damages and equitable relief, including:

a.   whether members of the Class are entitled to damages and/or equitable relief

based on their payments for the Toys and medical expenses, replacement costs for

other safe toys, and, if so, the appropriate scope, extent, measure of damages, and

equitable relief that should be awarded;

b.   the appropriate scope, extent and measure of damages and equitable relief that

should be awarded;

c.   whether the degree of reprehensibility of Defendants' conduct warrants the

imposition of punitive damages under controlling authority; and,

d.   whether Class Members are entitled to attorneys' fees, prejudgment interest and

costs of suit.

28.   Plaintiff's claims and defenses are typical of the claims and defenses of the Class because

Defendants uniformly misrepresented the safety of their Toys, and uniformly and actively suppressed, concealed, and failed to disclose the material risks associated with the Defendants' Toys. Defendants' uniform conduct deprived Plaintiff and all members of the Class of their ability to make an informed decision about whether to use and/or pay for Defendants' Toys.

29.    Plaintiff and his counsel will fairly and adequately assert and protect the interests of all members of the Class. Plaintiff has retained counsel competent and experienced in complex class action litigation.  Plaintiff has no interest adverse to those of any absent Class Members, with respect to the key common issues of Defendants' product, knowledge, conduct, and duty, and resulting liability. All members of the Class share a common interest in the determination of all factual and legal issues pertinent to Defendants' liability and to the fair reallocation of the economic costs associated with Defendants' Toys as between Defendants' and their consumers, through the disgorgement and restitution of Toy revenue unjustly obtained by Defendants.

30.    Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(A), because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and establish incompatible standards of conduct for Defendants.

31.    Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(B) because the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other members not parties to these adjudications and/or substantially impair their ability to protect these interests.

8

32. Class certification is proper under Federal Rule of Civil Procedure 23(b)(3), because common issue of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class adjudication is superior to individual litigation, which would foreclose the ability of most Class Members to litigate their claims, impose an undue burden on the courts, and result in inconsistent determinations of common issues.

33. Plaintiff seeks a class certification decision that, regardless of the applicable subsection of Rule 23 under which class treatment is granted, (1) preserves the right of Class Members to exclude themselves from the Class under Rule 23(c)(2)(B), unless the Court makes a finding that Defendants' available assets and insurance constitute a traditional "limited fund" under the meaning of *Ortiz v. Fibreboard*, 527 U.S. 815, 816 (1999) and (2) if appropriate, grants class certification with respect to particular issues under 23(c)(4)(A).

34. The need for class wide notice presents no barrier to certification because notice can be effectively disseminated to the Class by techniques commonly used in consumer class actions. Notice may be provided to Class Members under the requirements of Fed.R.Civ.P. 23(c)(2) by such combination of print publication, broadcast publication, internet publication, and/or first class mail that this Court determines best comports with modern Fed.R.Civ.P. 23(c)(2) class notice form, content, and dissemination techniques, as used in other medical products liability cases and as recommended by the Manual for Complex Litigation, 4th and the Federal Judicial Center.

## COUNT I

## UNJUST ENRICHMENT

35.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

36.     Defendants have been, and continue to be, unjustly enriched, to the detriment of and at the expense of Plaintiff and the Class Members, as a result of its unlawful and/or wrongful collection of, *inter alia*, the Plaintiff and the Class Members' payments for Defendants' Toys such that Defendants' retention of such payments is inequitable.

37.     Defendants have unjustly benefitted through the unlawful and/or wrongful collection of, *inter alia*, payments for Defendants' Toys, and continue to so benefit to the detriment and at the expense of the Plaintiff and the Class Members.

38.     Accordingly, Defendants should not be allowed to retain the proceeds from the benefits conferred upon it by the Plaintiff and the Class Members, who seek disgorgement of Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of Plaintiff and the Class Members, in an equitable and efficient fashion to be determined by the Court.

39.     Plaintiff and the Class Members are entitled to the imposition of a constructive trust upon Defendants such that its enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Class Members.

## COUNT II

## BREACH OF IMPLIED WARRANTY

40.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

41.     Defendants sold and promoted their Toys and placed them into the stream of commerce. Defendants knew or had reason to know of the specific use for which the Toys were

purchased and impliedly warranted that their Toys were of merchantable quality and fit for such use.

42.    Plaintiff and the Class Members reasonably relied upon the expertise, skill, judgment, and knowledge of Defendants and upon its implied warranty that their Toys were of merchantable quality and fit for the intended use.

43.    Defendants knew, should have known, or had reason to know that Plaintiffs and the Class Members were influenced to approve and purchase their children's Toys because of Defendants' expertise, skill, judgment, and knowledge in furnishing their Toys for that use.

44.    Defendants Toys were not of merchantable quality and were not fit for their intended use, because they contained substances dangerous to humans, especially small children.

45.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et. seq.*

46.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et. seq.*

50.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of MO Rev. Stat. § 400.2-314, *et. seq.*

51.    As a proximate cause of Defendants' breach of warranty, Plaintiff and the Class suffered ascertainable losses, injuries, and damages as specified herein in an amount to be determined at trial.

## COUNT III

### Products Liability

52.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth

11

herein.

53.    At all relevant times hereto, Defendants were engaged in the business of designing, manufacturing, assembling, and selling Thomas & Friends. Defendants designed, manufactured, assembled, and sold their Toys with the knowledge that they would be given to children to play with.

54.    Defendants' toys were expected to, and did, reach children without substantial change in their condition as manufactured and sold by Defendants. Due to the product defects described herein, at the time the Toys reached the Plaintiff and Class Members, the Toys were in a condition not contemplated by any reasonable person. The toys were unreasonably dangerous to the expected users of the Toys when used in the reasonably expected manner.

55.    The Toys designed, manufactured, marketed, and sold by the Defendants to the Plaintiff and Class Members were in a defective condition which was unreasonably dangerous.

56.    The Plaintiff and Class Members used the Toys in the manner in which Defendants intended them to be used.

57.    Neither the Plaintiff nor the Class Members were aware of, and could not in the exercise of reasonable care have discovered, the defective nature of Defendants' Toys, nor could they have known that Defendants designed or manufactured the Toys in a manner that would cause an increased risk of injury, possible toxic poisoning, to their children.

56.    As a direct and proximate result of the Defendants negligently placing the defective product in the stream of commerce, Plaintiffs and Class Members were injured and have expenses.

57.    Defendants' Toys constitute products which are dangerous for their reasonably intended

12

use, due to their defective design, manufacture and misinformation in Defendants' marketing.

## COUNT IV

### Negligence

58. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

59. Defendants owed a duty of reasonable care to the Plaintiff and the Class Members in the design, manufacture, and marketing of their Toys.

60. Defendants breached this duty by allowing negligently produced, designed, and marketed Toys into the stream of commerce.

61. As a direct and proximate result of Defendants' negligence, Plaintiff and the Class Members were injured and have incurred expenses and will continue to incur expenses in the future.

## COUNT V

### Missouri Merchandising Practices Act

62. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

63. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of their Toys.

64. Had Defendants not engaged in the deceptive conduct described above, Plaintiff and the Class Members would not have purchased and/or paid for the Toys.

65. Defendants' conduct, as described herein, constitutes deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression,

or omission of any material fact in connection with the sale or advertisement of merchandise in trade or commerce. in violation of the Missouri Merchandising Practices Act, §407.020 RSMo., *et seq.*

66.    Plaintiff and the Class purchased the Toys primarily for personal, family or household use.

67.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class Members have been damaged by paying for these Toys.

68.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to compensatory damages, punitive damages, attorneys' fees and cost of this suit.

## COUNT VI

### Medical Monitoring

69.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

70.    As a result of Defendants' negligence or intentional or reckless wrongdoing as set forth herein, Plaintiff and the Class'children were and are injured and/or were and are directly exposed on a prolonged, repeated and continuous basis, to a significantly and substantially harmful material, causing an increased risk of injury. Plaintiff and the Class require medical monitoring in order to detect, ameliorate, and reduce the risk of injury, further injury, or death to their children.

71.    Defendants are responsible and accountable at law and in equity for this exposure to and substantially increased risk of harm and injury; and are therefore liable to fund and pay for a comprehensive, Court-supervised program of medical monitoring and surveillance, diagnosis, and ongoing research, designed to eliminate or ameliorate further injury and

14

harm, whether such relief is denominated or characterized under applicable law as declaratory, injunctive, or equitable relief; or as damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for himself and all others similarly situated, respectfully requests that this Court enter a judgment against Defendants and in favor of Plaintiff and the Class, and grant the following relief:

A.      Determine that this action may be maintained as a class action with respect to a Missouri class, or, in the alternative, that the court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiff and his counsel to serve as Class Representative and Class Counsel;

B.      Declare, adjudge and decree the conduct of the Defendants as alleged herein to be unlawful;

C.      Grant Class Members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

D.      Grant medical monitoring, whether denominated as damages or in the form of equitable relief;

E.      Grant Class Members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and,

F.      Grant Class Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court

## VIII.  DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John S. Steward, 78509
Burstein Law Firm, P.C.
225 S. Meramec, Ste. 925
St. Louis, Missouri 63105
Tel. 314-725-6060
Fax. 314-862-9895

16